Curia, per

Richardson, J.,
In making a levy on a defendant’s goods, the sheriff should make an actual seizure. But seizing a part in the name of the whole, on the premises, is a good seizure of the whole, 1 Ld. Raym. 725. Watson on Sheriffs, 124.
In the case before us, the articles were enumerated by Dean, the defendant, and endorsed on the execution as a levy. The oxen in question were within the yard, and the officer considered them within his possession. To touch them with his hand was unneccessary. It was enough that they were within his reach, subject to his control, and pointed out as the specific subject of the levy. This is the customary mode of taking possession of such chattels, upon a sale in market. It was a seizure of them according to the nature of the thing, with the understanding that the' *278 possession passed from the defendant to the officer, which constitutes the meaning of the levy.
But it is necessary that the chattels levied on should continue in the possession of the officer, either by himself, or some other person for him» 8 Prince, 95. 1 Bing. 71. 7 J. B. Moore, 368. Watson, 124.
Did the oxen so continue 1 is the question. For if the officer abandoned them, the levy was imperfect — as in Blade vs. Arundale, in Maule and Selwyn, 713 — where the officer seized a table, but left no one in possession for him, the levy was considered ineffectual; upon the land-lord seizing the table for rent.
But in the case before us, the defendant consented that the oxen might remain on his premises, and promised that he would not dispose of them'. I think this amounted to a contract, that be would keep them for the officer. At all events, it cannot be an abandonment by the officer. At least, as between the owner and the officer, it was a continuation of the officer’s possession. It could not have been a violation of the owner’s rights, if the officer should afterwards take possession in person. It is to be observed, that in this case theie is no conflict of authorities, for the possession, as in Blade’s case, between a levy and a distress for rent.
In this posture of the possession, the former owner, Dean, sold the oxen to Adams arid Moore; Moore knowing that the levy had been made ; and the sheriff lost the oxen.
It appears to my understanding, that the ' possession of the sheriff was continued by the hands of Dean, the former owner; as much so as that of the other chattels, for which Dean gave bond to the officer; perhaps more so. And the defendants having notice of the levy, could not have been deceived by Dean; and therefore, rendered themselves liable to the sheriff, for violating his right, by virtue of the levy.
The motion is dismissed.
Gantt, Evans, Earle, and Butler, JJ.,- concurred.-